IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIREYA AGUILO, Individually and on Behalf of All Others Similarly Situated,<br><br>                        **Plaintiff,**<br><br>-against-<br><br><br>VAILS GATE CLEANERS INC., EXIT 9, LLC and RICHARD MASSIMI, Jointly and Severally,<br><br>                        **Defendants.** | 7:18 Civ. 8850 (JCM) |

**AFFIDAVIT OF TAYLOR B. GRAHAM IN SUPPORT OF PLAINTIFFS'
MOTION FOR APPROVAL OF FLSA SETTLEMENT**

I, Brent E. Pelton, declare as follows:

      1.      I am an attorney admitted before this Court. I am a member of the firm of Pelton Graham LLC ("Pelton Graham") in New York, New York, Plaintiffs' Counsel herein.

      2.      I am one of the lawyers primarily responsible for the prosecution of Plaintiffs' claims against Defendants in the above-captioned action (hereinafter referred to as the "Action").

      3.      I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**The Settlement Agreement**

      4.      After numerous settlement discussions with Defendants' counsel and Plaintiffs, including a mediation session with Chaim Book, Esq. of the SDNY Mediation Program, and a review of certain documents exchanged between the Parties, the Parties have agreed to reach a settlement of Plaintiffs' claims for the total amount of $65,000.00.

5. The final agreement was memorialized in a formal Settlement Agreement and Wage and Hour Release (the "Settlement Agreement"), which is attached hereto as **Exhibit A**[1]. The Parties have not made any other agreements or settlements to resolve the claims of any of the Plaintiffs or the Class in this Action, including agreements as to attorneys' fees or any other payments.

**Plaintiffs' Damages Computation**

6. In furtherance of the Parties' settlement negotiations, my office calculated Plaintiffs' estimated damages based in part on the records received from Defendants and otherwise based on their best recollection as to the start and end dates for their respective employment periods, their total hours worked per week, and wages they received from Defendants.

7. Plaintiffs' approximate minimum wage damages were computed by taking the minimum wage differential between the applicable minimum wage rates during each Plaintiff's employment periods during the relevant statutory period, and their alleged hourly rates and any increases or decreases to these rates, and multiplying these totals by Plaintiffs' average number of hours worked per week. Plaintiffs' approximate overtime wages owed were calculated by multiplying Plaintiffs' overtime premiums (0.5 times their respective hourly wages, taking into account any increases or reductions their hourly rates as specified in the Complaint) by the average number of hours each Plaintiff worked over forty (40) per week. Each Plaintiffs' spread-of-hours damages were calculated by multiplying one hour of the applicable minimum wage for each shift that the Plaintiffs worked more than ten (10) hours per day based on each Plaintiffs' best recollection of the frequency in which they worked shifts in excess of ten (10) hours.

---

[1] Our office is holding the Defendants' executed Affidavit of Confession of Judgment in escrow pending payment in full of the Settlement Amount and it is therefore not included in the Agreement attached hereto.

8.     Based on the above calculations, Plaintiffs' damages computation resulted in a total of approximately $119,812.10 for Plaintiff Aguilo, including: $14,337.31 in unpaid minimum wages, $19,935.71 in unpaid overtime damages, $11,075.39 in unpaid spread-of-hours premiums, plus an equal amount in liquidated damages ($45,348.41), $5,000 for wage notice violations, $5,000 for wage statement violations, and pre-judgment interest in the amount of $19,115.29, and a total of approximately $24,936.74 for Opt-in Plaintiff Imperial-Rogers, including: $124.86 in unpaid minimum wages, $4,126.24 in unpaid overtime premiums, $2,292.36 in unpaid spread-of-hours premiums, $6,543.46 in liquidated damages, $5,000 for wage notice violations, $5,000 for wage statement violations, and $1,849.83 in pre-judgment interest. A copy of the damages computation spreadsheet, is attached hereto as **Exhibit B**.

**Plaintiffs' Counsel's Fees and Costs**

9.     To date, our firm's efforts in litigating and settling this action have been without compensation.

10.    The Plaintiffs agreed in their individually negotiated retainer agreements, that Pelton Graham would recover up to one-third (1/3) of the gross settlement, plus litigation costs. For purposes of the settlement, Plaintiffs agreed to Plaintiffs' counsel's fees of less than one-third (1/3) of the settlement fund and reimbursement for costs.

11.    I am a partner with Pelton Graham and have been with the firm since May 2009. I received a J.D. from Fordham University School of Law in 2011, where I was an Irving R. Kaufman Scholarship recipient and earned the Archibald R. Murray Public Service Award. I have been nominated as a Super Lawyer – Rising Star for the New York Metro Area in the area of Employment Litigation for 2016 through 2020 and am a member of the National Employment Lawyers Association ("NELA"), NELA's New York Chapter, CELA, and the American Bar Association Labor and Employment Law Section. I have federal wage and hour multi-plaintiff

trial and appellate experience. I am admitted to practice in the States of New York, New Jersey, and California, and the Southern, Eastern, Western, and Northern Districts of New York. My hourly billable rate is $350.00.

12. Brent Pelton, Esq. graduated from Northwestern School of Law at Lewis and Clark College and has approximately sixteen (16) years of experience practicing within the Southern and Eastern districts of New York and the New York State court system, and significant experience litigating Fair Labor Standards Act and New York Labor Law unpaid wages lawsuits, including serving as lead counsel on two (2) multi-plaintiff federal wage and hour jury trials. Mr. Pelton is a member of NELA and NELA's New York Chapter. Mr. Pelton was nominated as a Super Lawyer – Rising Star for the New York Metro area in the practice area of Employment Litigation in 2013 and a Super Lawyer for the New York Metro area in 2014 through 2020. Mr. Pelton is frequently contacted by the media and the press to discuss current employment law related issues, and has been a panelist on several CLE seminars on the topic of employment litigation. Mr. Pelton is also admitted to practice in the State of California. Mr. Pelton's hourly billable rate is $450.00.

13. Joanne M. Albertsen is an associate with Pelton Graham who has worked for the firm since August 2013. Ms. Albertsen graduated from New York University School of Law in 2010 and is admitted to practice in the States of New York, the Eastern and Southern Districts of New York. Ms. Albertsen clerked for two federal magistrate judges in New York after law school before joining Pelton Graham. Ms. Albertsen was nominated as a Super Lawyer – Rising Star from 2016 through 2020 for the New York Metro Area in the practice area of Labor & Employment. Ms. Albertsen is also admitted to practice in the State of Oregon. Ms. Albertsen's hourly billable rate is $300.

14. Belinda Herazo is a bi-lingual paralegal with Pelton Graham who has worked for the firm since June 2013. Ms. Herazo is a licensed attorney in Colombia who practiced for nearly ten (10) years prior to coming to the United States. Ms. Herazo's hourly rate is $175.00.

15. Katherine Menjivar graduated from Brooklyn Law School as a part-time student in May 2019. Ms. Menjivar has been with the firm since September 2019. In total, Ms. Menjivar has over five (5) years' experience working as a paralegal, primarily in the Immigration field. Ms. Menjivar is fluent in Spanish and English. Ms. Menjivar's hourly rate was $175.00 during the pendency of this litigation.

16. Adriana Sandoval is a former paralegal with Pelton Graham who has more than ten (10) years of experience working as a paralegal and is fluent in Spanish and English. Ms. Sandoval's hourly billable rate was $125.

17. Based on our firm's extensive experience in precisely this type of litigation and our thorough familiarity with the factual and legal issues in this case, we have reached the firm conclusion that the proposed settlement is clearly in the best interests of all Plaintiffs given the risks associated with continued litigation. Further, the Parties have exchanged relevant documentation bearing on Defendants' financial circumstances, heightened as a result of the Covid-19 Pandemic, which Plaintiffs understand to be a significant factor in choosing to resolve the action for the amount that was agreed-upon between the Parties.

18. To date, we have spent approximately <u>131.78</u> hours in prosecuting and settling this matter and we anticipate expending more hours after the date of this affidavit in administering the settlement approval and payout process.

19. The hours reported are reasonable for a case of this complexity and magnitude and were compiled from contemporaneous time records maintained by each attorney and paralegal participating in this case. A copy of Pelton Graham's contemporaneous time records is attached as

**Exhibit C** and a copy of Pelton Graham's record of litigation costs with corresponding invoices is attached as **Exhibit D**.

I declare under penalty of perjury, under 28 U.S.C.§1746, that the foregoing is true and correct.

Executed this 26th day of January, 2021.
New York, New York

                  /s/ Taylor B. Graham
                  Taylor B. Graham

                  **PELTON GRAHAM LLC**
                  111 Broadway, Suite 1503
                  New York, NY 10006
                  Telephone: (212) 385-9700
                  Facsimile: (212) 385-0800
                  Email: graham@peltongraham.com

                  *Attorneys for Plaintiffs*