# EXHIBIT A

## SETTLEMENT AGREEMENT AND WAGE AND HOUR RELEASE

Mireya Aguilo and Caitlyn Imperial-Rogers, each on behalf of themselves and their heirs, executors, administrators, attorneys, and assigns (each a "Plaintiff", and collectively the "Plaintiffs") and Vails Gate Cleaners Inc., Exit 9, LLC (together, the "Corporate Defendants"), and Richard Massimi (the "Individual Defendant" and, collectively with the Corporate Defendants, the "Defendants")[1], hereby agree upon this Settlement Agreement and Wage and Hour Release ("Agreement") as a resolution of all issues involved herein as follows:

**WHEREAS**, Plaintiffs were former employees of the Defendants; and

**WHEREAS**, on or about September 27, 2018, Plaintiff Aguilo filed a Complaint in the United States District Court for the Southern District of New York styled, *Mireya Aguilo, Individually and on Behalf of All Others Similarly Situated, against Vails Gate Cleaners Inc., et al.*, No. 7:18-cv-8850 (the "Action" or "Litigation"), asserting claims that the Defendants, *inter alia*, allegedly violated the New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA") by, *inter alia,* failing to pay minimum wage, overtime wages, spread of hours pay, and for violations of the Wage Theft Prevention Act; and

**WHEREAS**, on or about October 2, 2020, Plaintiff Imperial-Rogers opted-in to the Action by filing a Consent to Become a Party Plaintiff;

**WHEREAS**, the Defendants and Releasees (that term defined below) have denied and continue to deny liability with respect to each and every material allegation asserted by Plaintiffs; and

**WHEREAS**, the Parties wish to amicably resolve all differences between them;

**NOW, THEREFORE**, the Parties in consideration of the mutual covenants and commitments set forth herein, agree as follows:

1.  **Wage and Hour Release by Plaintiffs.**  In consideration of the promises and undertakings set forth in this Agreement, Plaintiffs hereby unconditionally and irrevocably release, waive, discharge and give up any and all Claims (as defined below) that Plaintiffs have or may have against Defendants, and all related companies, and Defendants' officers, directors, members, partners, trustees, current and former employees, managers and agents, including Richard Massimi, Vails Gate Cleaners, and Exit 9 LLC (together "Defendant Releasees"). "Claims" means any past and present matters, claims, demands, causes of action, and appeals of any kind--whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law--that concern or relate to minimum wage and/or overtime pay, spread of hours pay, wage payments, failure to pay for all hours worked, failure to provide wage statements and/or wage notices, failure to keep appropriate timekeeping and payroll records, or otherwise arise out of or relate to the facts, acts, transactions, occurrence, events or omissions alleged in the Action or which could have been alleged in the Action ("Released Wage-Related Claims"). The Released Wage-Related Claims include claims under the Fair Labor Standards Act,

---

[1] The Plaintiffs and Defendants are each a "party" and are collectively referred to as the "Parties."

New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing. Nothing in this Paragraph 1 is intended to, or shall, interfere with Plaintiffs' right to file a charge with, or participate in a proceeding before, any federal, state or local agency responsible for enforcing discrimination laws.

2. **Dismissal of Complaint**. In further consideration of the promises outlined in this Agreement, Plaintiffs agree to dismiss with prejudice, or cause to be dismissed with prejudice, the Complaint. The Parties expressly authorize their counsel to execute a stipulation and order of dismissal with prejudice in the form annexed hereto as Exhibit B and/or to submit any papers to the Court that are necessary to effectuate the dismissal of the Complaint and/or full and effective release of all claims released herein.

3. **Consideration.**

   (a) In consideration of the promises of Plaintiffs set forth herein and without any other obligation to do so, Defendants will pay Plaintiffs the total gross amount of SIXTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($65,000.00) ("Settlement Payment"), including attorneys' fees and costs. Upon full execution by the Parties of this Agreement, in accordance with Paragraph 3(iii) below, Defendants shall disburse the Settlement Payment as set forth below:

   (i) Defendants shall issue an initial payment of FIFTEEN THOUSAND DOLLARS AND ZERO CENTS ($15,000.00) to Plaintiffs, within thirty (30) days following the Court's final approval of this Agreement and dismissal of the Complaint with prejudice (the "Initial Payment Date"). The Defendants shall pay the initial payment ($15,000.00) in three (3) individual and properly-executed checks as follows:

   A. One check, payable to "Mireya Aguilo", in the gross amount of $8,125.43;

   B. One check, payable to "Caitlyn Imperial-Rogers", in the gross amount of $1,690.05;

   C. One check, payable to "Pelton Graham LLC", in the gross amount of $5,184.52.

   (ii) Six (6) months following the Initial Payment Date, Defendants shall issue a payment of FIFTEEN THOUSAND DOLLARS AND ZERO CENTS ($15,000.00) to Plaintiffs (the "Second Payment"), in three (3) individual and properly-executed checks as follows:

   A. One check, payable to "Mireya Aguilo", in the gross amount of $8,125.43;

    B. One check, payable to "Caitlyn Imperial-Rogers", in the gross amount of $1,690.05;

    C. One check, payable to "Pelton Graham LLC", in the gross amount of $5,184.52.

 (iii) Six months following the Second Payment, Defendants shall issue a payment of FIFTEEN THOUSAND DOLLARS AND ZERO CENTS ($15,000.00) to Plaintiffs (the "Third Payment"), in three (3) individual and properly-executed checks as follows:

    A. One check, payable to "Mireya Aguilo", in the gross amount of $8,125.43;

    B. One check, payable to "Caitlyn Imperial-Rogers", in the gross amount of $1,690.05;

    C. One check, payable to "Pelton Graham LLC", in the gross amount of $5,184.52.

 (iv) Six months following the Third Payment, Defendants shall issue a payment of TWENTY THOUSAND DOLLARS AND ZERO CENTS ($20,000.00) to Plaintiffs (the "Fourth and Final Payment"), in three (3) individual and properly-executed checks as follows:

    A. One check, payable to "Mireya Aguilo", in the gross amount of $10,833.91;

    B. One check, payable to "Caitlyn Imperial-Rogers", in the gross amount of $2,253.40;

    C. One check, payable to "Pelton Graham LLC", in the gross amount of $6,912.69.

The payments to Plaintiffs set forth above shall be without withholding, and an IRS Form 1099 shall be issued to Plaintiffs for these amounts. An IRS Form 1099 shall be issued to Plaintiffs' counsel for the amount allocated for attorneys' fees and costs.

Defendants shall deliver all checks listed in Section 3 to counsel for Plaintiffs at their office, **Pelton Graham LLC, 111 Broadway, Suite 1503, New York, New York 10006**.  Plaintiffs each agree that in order to receive any of the payments listed in Section 3, they must provide upon execution of this Agreement to the Defendants' counsel: (i) completed IRS Form W-9 by Plaintiffs; and (ii) completed IRS Form W-9 by Plaintiffs' counsel.

Should the Court decline to approve the Parties' settlement and/or this Agreement, the Parties shall make a good faith effort to revise and/or modify this Agreement, and if the settlement is not ultimately approved, the Parties shall return to their respective positions as if there had been no settlement.

(b) Plaintiffs each agree to pay any and all taxes or other monies found to be owed by each of them from the payment of the Settlement Payment made pursuant to this Agreement and to indemnify and hold the Defendants harmless from any claims, assessments, demands, penalties, and interest owed, or found to be owed, as a result of any Settlement Payment made pursuant to this Agreement and or the tax treatment of that payment. Plaintiffs each agree to cooperate with the Defendants should any state, federal, or local taxing authority approach it with regard to taxes as a result of this payment. Defendants shall issue applicable IRS forms to Plaintiffs and/or Plaintiffs' attorney for the payments detailed above, as appropriate, at the same time as the Defendants issue those forms to its current employees or other individuals/entities for the applicable tax year.

(c) Concurrently with the execution of the Settlement Agreement, Richard Massimi shall execute an Affidavit of Confession of Judgment in the form attached hereto as Exhibit "A." In the event Defendants fail to pay the Settlement Payment when due as set forth in paragraph (3)(a) above, Plaintiffs' counsel shall send a notice of default to Defendants' attorney, **Anthony R. Portesy, Esq., Hamra Law Group, 1 Linden Place, Great Neck, NY 11201, by overnight one day mail and e-mail to aportesy@hamralawgroup.com**. Defendants shall have ten (10) business days to cure any such default (the "Cure Period"). In the event that payment is not made within the opportunity to cure period, Plaintiffs shall be entitled to file the Affidavit of Confession of Judgment, and to enter judgment in the amount of one hundred and fifty percent (150%) of the Settlement Payment, less any payments previously made. Plaintiffs shall hold the Confession of Judgment in escrow pending payment in full of the Settlement Payment. Plaintiffs shall return the Confession of Judgment forms to Defendants' counsel upon payment in full of the Settlement Payment.

4. **No Admission.** Plaintiffs and the Defendants expressly agree that neither this Agreement, its execution, the performance of any of its terms, nor any of its contents will constitute, be construed as, or be offered as evidence of an admission of any fact or of any wrongdoing or liability by or on the part of the Defendants or Releasees, and that the Defendants and Releasees expressly deny any wrongdoing or liability on their part. Furthermore, the Parties agree that Plaintiffs shall not be considered a prevailing party nor a successful party.

5. **Mutual Non-Disparagement.** Plaintiffs, and individual Defendant Richard Massimi, each agree to refrain from making any disparaging remarks now, and at any time in the future, which could be detrimental in any way to the other party or to individual owners, directors, or employees of the Defendants, whether orally, in writing or online, and each agrees to refrain from encouraging any other from making such remarks, provided that this shall not restrict any party's ability to respond to any inquiry from applicable regulatory authorities or to provide truthful information pursuant to legal process. Nothing in this paragraph is intended to limit the ability of any party to communicate truthfully regarding their experience with the litigation.

6. **No Reliance.**  Plaintiffs acknowledge that, by signing this Agreement, each of them has not relied upon any representations, promises or agreements made by the Defendants, Releasees, or their employees, officers, directors or representatives (including any of their attorneys) that are not contained in this Agreement.

7. **Entire Agreement.** This Agreement contains the entire agreement and understanding of the Parties concerning the subject matter hereof. This Agreement may not be modified except by an instrument in writing signed by the Parties hereto. No waiver of any provision of this Agreement will be binding unless made in a writing signed by the Parties hereto.

8. **Choice of Law and Continuing Jurisdiction.** This Agreement will be governed by, and construed pursuant to, the laws of the State of New York without regard to its conflict of laws principles. The Parties consent to the authority of Magistrate Judge Judith C. McCarthy for all purposes and hereby expressly agree and understand that the Court shall retain jurisdiction over the interpretation or implementation of this Agreement as well as any matters arising out of, or related to, the interpretation of this Agreement and the settlement contemplated thereby. If the District Court should refuse or decline to accept jurisdiction over the Agreement for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in the county where Defendant Richard Massimi resides, as indicated in the Affidavit of Confession of Judgment, annexed hereto as Exhibit "A."

9. **Breach**. In the event a Party fails to comply with the terms and conditions of this Agreement, and does not cure its breach as permitted by this Agreement or as agreed between the Parties, the non-breaching Party shall be entitled, in addition to any other right or remedy it may have at law or in equity related to breaches of this Agreement, to all reasonable costs associated with enforcing this provision and the Settlement Agreement overall, including but not limited to attorneys' fees, if said non-breaching Party prevails in a claim for breach of this Agreement, as determined by Magistrate Judge Judith C. McCarthy.

10. **Severability**.  The provisions of this Agreement are severable. If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or application of the Agreement that can be given effect without the invalid provision or application.

11. **Successors and Assigns**.  This Agreement shall inure to the benefit of and be binding upon the Parties hereto. However, neither this Agreement nor any right or interest hereunder shall be assignable by Plaintiffs.

12. **Headings/Counterparts.** The headings of the paragraphs herein are included for reference only and are not intended to affect the interpretation of the Agreement. This Agreement may be executed by each party in separate counterparts and by facsimile or PDF signatures, and each such duly executed counterpart shall be of the same validity, force and effect as the original.

13. **Drafter of this Agreement**.  In recognition of the fact that the Parties hereto had an equal opportunity to negotiate the language of, and draft, this Agreement, the Parties acknowledge and agree that there is no single drafter of this Agreement and therefore, the general rule that ambiguities are to be construed against the drafter is, and shall be, inapplicable. If any

language in this Agreement is found or claimed to be ambiguous, each party shall have the same opportunity to present evidence as to the actual intent of the Parties with respect to any such ambiguous language without any inference or presumption being drawn against any party.

14. **Representations of the Parties.** Plaintiffs and the Defendants each represent and warrant that:

(a) Each has the power and is duly authorized to enter into this Agreement with regard to all matters described herein upon the terms set forth herein, and the persons executing this Agreement are authorized agents for purposes of executing this agreement;

(b) The execution of this Agreement does not put any party hereto in violation of any agreement to which he or it is a party; and

(c) This Agreement constitutes a legal, valid, and binding obligation enforceable in accordance with the terms hereof.

15. **Representations by Plaintiffs.** Plaintiffs each represent and warrant that:

(a) she/he has carefully read this Agreement;

(b) she/he has had a reasonable period of time in which to review and consider this Agreement;

(c) she/he has discussed this Agreement with his attorney;

(d) she/he understands all of the terms of this Agreement;

(e) she/he has not relied upon any representation or statement, written or oral, not set forth in this Agreement; and

(f) she/he has knowingly and voluntarily executed this Agreement.

**[Remainder of page intentionally left blank. Signature Page to Follow]**

**IN WITNESS HEREOF, the Parties have executed this Settlement Agreement and Wage and Hour Release on the dates shown below.**

**PLAINTIFFS:**

*[Signed: Mireya Aguilo — DocuSigned, C399E5C50D61436...]*

Dated: 1/13/2021

**MIREYA AGUILO**

_____   Dated: _____

**CAITLYN IMPERIAL-ROGERS**

**DEFENDANTS:**

**VAILS GATE CLEANERS INC.**   Dated: _____

_____

By: _____

**EXIT 9, LLC**   Dated: _____

_____

By: _____

_____   Dated: _____

**RICHARD MASSIMI**

**IN WITNESS HEREOF, the Parties have executed this Settlement Agreement and Wage and Hour Release on the dates shown below.**

**PLAINTIFFS:**

_____  Dated: _____
**MIREYA AGUILO**

_____  Dated: 1/13/2021
**CAITLYN IMPERIAL-ROGERS**

**DEFENDANTS:**

**VAILS GATE CLEANERS INC.**  Dated: _____

_____

By: _____

**EXIT 9, LLC**  Dated: _____

_____

By:_____

_____  Dated: _____
**RICHARD MASSIMI**

7

IN WITNESS HEREOF, the Parties have executed this Settlement Agreement and Wage and Hour Release on the dates shown below.

**PLAINTIFFS:**

_____  Dated: _____
**MIREYA AGUILO**

_____  Dated: _____
**CAITLYN IMPERIAL-ROGERS**

**DEFENDANTS:**

**VAILS GATE CLEANERS INC.**                       Dated: 1-14-21

By: _[signature]_

**EXIT 9, LLC**                                     Dated: 1-14-21

By: _[signature]_

_[signature]_                                       Dated: 1·14.21
**RICHARD MASSIMI**

7

# **<u>EXHIBIT B</u>**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

Mireya Aguilo, Individually and on Behalf of All  :  7:18-cv-08850-PMH-JCM
Others Similarly Situated

                Plaintiff(s),  :

      v.  :

Richard Massimi  :

                Defendant(s).  :

------------------------------X

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Federal Rule of Civil Procedure 41(a)(1), Plaintiffs Mireya Aguilo and Caitlyn Imperial-Rogers and Defendants Vails Gate Cleaners Inc., Exit 9 LLC, and Richard Massimi by and through undersigned counsel, hereby stipulate that this action and all claims and defenses asserted therein be dismissed with prejudice, with each party bearing its own attorneys' fees, costs, and expenses. The parties also withdraw and terminate all pending motions submitted in this action. The Court will retain jurisdiction over this matter to ensure the parties' compliance with the terms of their Settlement Agreement.

Dated: January 7, 2021

GREAT NECK, NY

By: _____

Anthony R. Portesy, Esq.

**Hamra Law Group, PC.**

1 Linden Place, Suite 207

Great Neck, New York 11021

Phone: (646) 590-0571

Email: aportesy@hamralawgroup.com

*Attorneys for Defendants*

By: _____

Taylor B. Graham, Esq.

**Pelton Graham LLC**

111 Broadway, Suite 1503

New York, New York 10006

Phone: (212) 385-9700

Email: graham@peltongraham.com

*Attorneys for Plaintiffs*

**So Ordered.**

_____

Hon. Judith C. McCarthy
United States Magistrate Judge

13