UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MIREYA AGUILO, Individually and on
Behalf of All Others Similarly Situated,

                    Plaintiff,                **ORDER**

     -against-                              18 Civ. 8850 (JCM)

VAILS GATE CLEANERS INC., EXIT 9,
LLC and RICHARD MASSIMI, Jointly and
Severally,

                    Defendants.

----------------------------------------------------------X

      Plaintiff Mireya Aguilo ("Plaintiff") commenced this putative class action to recover unpaid minimum and overtime wages, spread-of-hours premiums, and liquidated and statutory damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL"), §§ 190, *et seq.*, and 650, *et seq.* (Docket No. 1). Defendants deny these allegations. (Docket No. 17). On or about October 15, 2020, Plaintiff Caitlyn Imperial-Rogers consented to join the action. (Docket No. 51). On January 26, 2021, Plaintiff submitted a Settlement Agreement and Wage and Hour Release ("Agreement") for the Court's review, (Docket No. 62-1), accompanied by a joint letter and Affidavit of Taylor B. Graham (collectively, "Joint Motion") in support of the Agreement, (Docket Nos. 61, 62), as well as attorneys' time records and costs, (Docket Nos. 62-3, 62-4).[1]

      "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the

---

[1] The parties consented to the jurisdiction of the undersigned over this matter for all purposes pursuant to 28 U.S.C. § 636(c) on January 15, 2021. (Docket No. 59).

plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (internal quotations omitted).

Based on my review of the Agreement, (Docket No. 62-1), the Joint Motion, (Docket Nos. 61, 62), and the documentation supporting the reasonableness of the attorneys' fees and costs, (Docket Nos. 62-3, 62-4), I find the settlement was the product of arm's-length negotiations between able counsel and that the terms of the Agreement, including the approval of Plaintiff's counsel's fees, are a fair and reasonable resolution of the case. *See Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (citations omitted). Accordingly, the Court approves the settlement.

The Clerk is respectfully requested to terminate the pending motion (Docket No. 61) and close the case.

Dated: February 2, 2021
      White Plains, New York

                                            SO ORDERED:

                                            _____
                                            JUDITH C. McCARTHY
                                            United States Magistrate Judge